**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DERRICK GREEN, *aka Duryea Green*,                *

Petitioner,                                                          *

v.                                                                       *          Civil Action No. PX-20-777

WARDEN GREGORY WERNER and              *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,                                  *

Respondents.                                                     *
                                                                    ***

**MEMORANDUM OPINION**

Petitioner Derrick Green has filed a Petition for Habeas Corpus pursuant to 28 U.S.C. §
2254, challenging his state court criminal convictions.  Respondents[1] urge this Court to dismiss
the Petition as time-barred, which Green opposes.  ECF No. 7, ECF No. 8.  The Court has reviewed
the pleadings and finds that a hearing is not necessary.  *See* D. Md. Loc. R. 105.6; Rule 8, *Rules
Governing Section 2254 Proceedings in the United States District Courts; Fisher v. Lee*, 215 F.3d
438, 455 (4th Cir. 2000).  For the reasons stated below, the Petition will be dismissed as time-
barred, and certificate of appealability shall not issue.

## I.      Background

In 2005, Green was convicted by a Baltimore City jury in two separate cases for attempted
first-degree murder, reckless endangerment, and firearms offenses, and was sentenced to an
aggregate imprisonment term of 45 years.  ECF No. 7-1, ECF No. 7-2, ECF No. 7-3 at 2.  On
September 28, 2005, Green moved to modify his sentence, which the Circuit Court denied on
October 5, 2005.

---

[1]  Maryland Correctional Institution – Hagerstown Warden, Gregory Werner, is substituted for "Warden."  *See* Fed.
R. Civ. P. 25.  *See also* http://www. dpscs.state.md.us/inmate/search (last viewed October 12, 2021).

The Maryland Court of Special Appeals affirmed Green's convictions on direct appeal. *See Derrick Green a/k/a Daryla Balen a/k/a Duryea Green v. State,* No. 1079, Sept. Term 2005 (filed June 18, 2007).  The mandate issued on July 18, 2007.  ECF No. 7-3.

Green next filed a petition for a writ of certiorari in the Maryland Court of Appeals, which was denied on September 14, 2007.  ECF No. 7-4.  Green did not seek review from the United States Supreme Court, and the time for doing so expired on December 13, 2007.  *See* Sup. Ct. R. 13.1.

Green filed nothing else related to his state cases until February 23, 2010, when he submitted to the Baltimore City Circuit Court an "Affidavit and Petition Requesting Preservation of the Record by Judicial Estoppel."  The Circuit Court denied the request as moot on September 10, 2010.  ECF No. 7-1 at 10-11; ECF No. 7-2 at 9-10.  Green did not pursue this request further.

On February 6, 2014, Green petitioned the Circuit Court for post-conviction relief in both cases.  ECF No. 7-2 at 9.  After a hearing, the Circuit Court denied relief on August 29, 2014.  *Id.* at 10.  The Court of Special Appeals also denied Green's application for leave to appeal, and the mandate issued on July 8, 2016.  *Id.* at 10-11.

Nearly four years later, on March 18, 2020, Green filed the Petition before this Court.  ECF No. 1 at 6.  In it, Green maintains that the State's Attorney committed "prosecutorial misconduct" by "falsifying documents" and eliciting "false testimony" from witnesses in the grand jury, including "Detective Lloyd," and by failing to correct the record submission of false evidence. ECF No. 1 at 5.  Green gives no particulars as to the nature of the "false" evidence that had been put before the grand jury.  *Id.*

## II.    Discussion

As a threshold matter, the Court must consider whether Green's petition is timely filed.  A

one-year limitation period applies to Petitions filed pursuant to 28 U.S.C. § 2254.  The one-year

limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondents argue that the one-year limitation period for filing the Petition began to run

from the date that the state court judgment became final.  28 U.S.C. § 2244(d)(1)(A).  Respondents

calculate that date as 90 days after the Maryland Court of Appeals denied Green's petition for

certiorari on September 14, 2007.  *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (noting that,

if discretionary review in the state court of last resort is sought, the conviction "becomes final ...

when the time for pursuing direct review in [the Supreme] Court ... expires"); Sup. Ct. Rule 13.1

(A petition for writ of certiorari must be filed within 90 days of the judgment from which review

is sought).   The Court agrees.

The record is clear that period began running on December 15, 2007 and expired one year

later, on December 15, 2008.  Furthermore, Green filed nothing during that time which would have

3

tolled the limitations clock.[2]  Nor does Green offer any basis to equitably toll limitations.[3]  The Petition, therefore, is untimely.

Green, in response, highlights that the Detective assigned to his case has since been "arrested for a[n] extortion and kidnapping," and corroborates this claim with a newspaper article about the details of the Detective's arrest.  ECF No. 8; ECF No. 8-1.  Green does not explain how this information alters the limitations analysis.  Perhaps Green is trying to argue that the Court should measure the one-year limitations period not from when the judgment became final, but from when he learned of the Detective's arrest.  It is true that limitations may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(A).  But the Court cannot discern from the pleadings or attachments when Green first learned of the Detective's arrest and whether this new information had been obtained through an exercise of due diligence.  The Petition, therefore, must be dismissed as time-barred.

### III.     Certificate of Appealability

Rule 11(a) of the *Rules Governing Section 2254 Cases* provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition.  Because the accompanying order is final and adverse to the applicant, Green must receive a certificate of appealability before he may pursue an appeal.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue "only if the applicant has made a substantial showing of

---

[2] Even if Green's February 23, 2010, filing styled "Affidavit and Petition Requesting the Preservation of the Record by Judicial Estoppel," (ECF 7-1 at 10; ECF 7-2 at 9), had been considered a "properly filed application for State post-conviction or other collateral review," it was not filed until after the one-year limitations period had lapsed.  *See, e.g., Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *accord Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003).

[3] Equitable tolling applies where the Petitioner has pursued his rights diligently and "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted).

the denial of a constitutional right." *Id.* § 2253(c)(2).  When a petition is denied on procedural grounds, a petitioner meets the standard by demonstrating that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court finds that Green has not made the requisite showing.  The Court, therefore, declines to issue a certificate of appealability.  Green may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See* Fed. R. App. P. 22(b).

**IV.     Conclusion**

For the foregoing reasons, the petition will be dismissed as time-barred.  The court declines to issue a certificate of appealability.  A separate order follows.

| | |
|---|---|
| _____10/21/21_____ | _____/S/_____ |
| Date | Paula Xinis |
| | United States District Judge |